UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MOREEN ELIZABETH GILROY,
*as mother and next friend of William Seamus McLaughlin, a minor,*
WILLIAM SEAMUS MCLAUGHLIN,
*a minor, surviving son of Sean Francis McLaughlin, Deceased, by Moreen Elizabeth Gilroy, his mother and next friend,*
JUSTUS JOSEPH MCLAUGHLIN,
*surviving son of Sean Francis McLaughlin, Deceased,*
and
ELIZABETH ANNE MCLAUGHLIN,
*surviving mother of Sean Francis McLaughlin, Deceased,*

    Plaintiffs,

    v.

RAPPAPORT MANAGEMENT COMPANY,
SVF RIVA ANNAPOLIS, LLC,
and
CEC ENTERTAINMENT, INC.,

    Defendants.

Civil Action No. TDC-14-0297

**MEMORANDUM OPINION**

    Federal courts are courts of limited jurisdiction. They "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A court must therefore presume "that a cause [of action] lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Here, Plaintiffs have filed this negligence and premises-liability action in federal court against

defendants Rappaport Management Company ("Rappaport"), SVF Riva Annapolis, LLC, and CEC Entertainment, Inc. ("CEC") on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Am. Compl. at 3, ECF No. 15. Because Plaintiffs chose to file this case in federal court, the burden of establishing this Court's subject-matter jurisdiction is theirs. *Robb Evans & Assoc., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Even in the absence of a challenge to jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Pursuant to 28 U.S.C. § 1332, federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a), (a)(1). The phrase "between citizens of different states" has been interpreted as requiring *complete* diversity, meaning that no party on one side of a suit can be a citizen of the same state as a party on the other side. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). As to the amount in controversy, Plaintiffs in their Complaint ask for $5,000,000 in damages. Am. Compl. at 12, ECF No. 15. As to the citizenship of the parties, Plaintiffs indicate that they all are citizens of Maryland, and assert that Rappaport is incorporated in Delaware and has its principal office in Washington D.C., that SVF Riva Annapolis, LLC is a Delaware limited liability company with its principal office in Washington D.C., and that CEC is incorporated in Kansas and has its principal place of business in Texas. Am. Compl. ¶¶ 2-9.

Plaintiffs' pleadings as to the citizenship of SVF Riva Annapolis, LLC are insufficient to establish diversity between the parties. For diversity purposes, the citizenship of an unincorporated association—such as a limited liability company—is determined by looking not at where the association was formed or is headquartered, but at the citizenship of all its members.

*Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) ("[D]iversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all the members . . .'") (citing *Chapman v. Barney*, 129 U.S. 677, 682 (1889)); *Central West Virginia Energy Co. Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company ... is determined by the citizenship of all of its members[.]"). Accordingly, on March 25, 2015, the Court ordered SVF Riva Annapolis, LLC to identify all of its members as of the date this suit was filed and, if any of its members was also an unincorporated association, to identify that association's members. ECF Nos. 45 & 49. In response, SVF Riva Annapolis, LLC informed the Court that on the date this suit was filed: (1) its sole member was SVF Holding Real Estate Investment Trust ("SVF Holding"), a Maryland real estate investment trust; (2) SVF Holding had three trustees, all of whom were California residents, and a sole common-stock shareholder: American Core Realty Fund, LLC; and (3) American Core Realty Fund, LLC's members included over 250 pension funds, at least 10 of which have their principal offices in Maryland, and one of which is the Employees' Retirement System of the City of Baltimore. Disclosure at ¶¶1-3, ECF No. 48; Supplemental Disclosure Ex. 1, ECF No. 50-1.

The fact that SVF Riva Annapolis, LLC's sole member is a real estate investment trust raises the question whether the citizenship of a business trust is determined by the citizenship of its trustees, its members (shareholders), or both. In *Belle View Apartments v. Realty ReFund Trust*, 602 F. 2d 668 (4th Cir. 1979), the United States Court of Appeals for the Fourth Circuit held that, for diversity purposes, a real estate investment trust is an unincorporated association and that it is a citizen of any state in which one of its members resides. *See id.* at 669 (citing *Riverside Memorial Mausoleum Inc. v. UMET Trust*, 581 F. 2d 62, 65 (3rd Cir. 1978) (affirming

the district court's determination that a federal court "must look to the citizenship of the [real estate investment trust] investors and not simply that of the trustees" when determining if there is diversity jurisdiction)). The Fourth Circuit explained that its holding was an application of the rule announced by the United States Supreme Court in *Chapman v. Barney*, 129 U.S. 677 (1889), and reiterated in *United Steelworkers v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965), that, for purposes of diversity jurisdiction, the citizenship of an unincorporated association is "determined by reference to the citizenship of each of its members." *Belle View*, 602 F. 2d at 669.

The *Chapman* rule as it relates to business trusts was arguably called into question by *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), a case involving trustees of a business trust who, filing suit in their own names, commenced a breach of contract action in federal court on the basis of diversity jurisdiction. *Id.* at 459-60. The defendants challenged jurisdiction on the premise that, while there was complete diversity between themselves and the trustees, there was not complete diversity between themselves and the trust beneficiaries, and that it was the latter analysis that was determinative. *Id.* at 460-61. The Supreme Court rejected that challenge, holding that because the trustees, not the trust beneficiaries, were the real parties to the controversy, it was the trustees' citizenship that controlled. *Id.* at 464-65.

In the wake of *Navarro*, some Circuits, the Fourth not among them, adopted the rule that the citizenship of a business trust for diversity purposes was determined by looking only to the citizenship of the trustees. *See, e.g., Goldstick v. ICM Realty*, 788 F.2d 456, 458 (7th Cir. 1986) (citing *Navarro* for the proposition that the citizenship of a real estate investment trust is "determined for purposes of diversity jurisdiction by the citizenship of the trustee[s]"). However, in *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), a case that required the Court to determine the citizenship of a limited partnership, the Supreme Court clarified that "*Navarro* had

nothing to do with the citizenship of [a] 'trust,' since it was a suit by the trustees in their own names." *Id.* at 192-93. The *Carden* Court therefore "reject[ed] the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members." *Id.* at 195. The Court instead adhered to the "oft-repeated rule" for unincorporated entities "that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members[.]'" *Id.* at 195-96 (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)). The Eleventh Circuit has since followed this approach and held that the citizenship of a business trust is based on the citizenship of its shareholders. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337-38 (11th Cir. 2002). The Third Circuit has held that, under *Carden*, an incorporated business trust is a citizen for diversity purposes of each state of which one of its trustees *or* beneficiaries (shareholders) is a citizen. *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 203 (3d Cir. 2007).

In light of *Carden*, the Fourth Circuit's holding in *Belle View*, which applied *Chapman* to determine the citizenship of real estate investment trusts specifically, remains good law. Accordingly, because SVF Holding is a real estate investment trust, *Belle View* requires that the Court look to the citizenship of all of SVF Holding's shareholders to determine if there is diversity. That examination quickly draws this Court's subject-matter jurisdiction into question. The sole shareholder of SVF Holding is American Core Realty Fund, LLC, which, in turn, is composed of more than 250 pension funds, at least 10 of which have their principal place of business in Maryland, and at least one of which, the Employees' Retirement System of the City of Baltimore, almost certainly has beneficiaries who are Maryland residents. Although the parties have not submitted specific information identifying the organizational structure of these pension funds, they have not asserted that they are corporations, so there is a substantial

likelihood that they are unincorporated trusts or associations.[1] Under *Carden* and *Belle View*, therefore, their citizenship would be based on the citizenship of all of their members. *Carden*, 494 U.S. at 195-96; *Belle View*, 602 F.2d at 669. The parties have not identified the specific citizenship of any members of these pension funds, but considering the sheer number of pension funds that are members of American Core Realty Fund, LLC, as well as the numerous acknowledged ties to Maryland amongst those funds—both in terms of where the plans are administered and whom the plans benefit—there is significant doubt whether there is complete diversity between Plaintiffs and Defendants.

Accordingly, on April 6, 2015, the Court issued a Show Cause Order pointing Plaintiffs to the relevant case law and instructing them to establish that there was diversity between the parties. ECF No. 51. On April 10, 2015, Plaintiffs indicated that "they ha[d] no substantive response" to the Court's Order. ECF No. 52. It is Plaintiffs' burden to establish that this Court has subject-matter jurisdiction. *Robb Evans*, 609 F.3d at 362. In providing no substantive response to the Court's Show Cause Order, the Plaintiffs have failed to resolve the Court's substantial doubts about whether there is diversity between the parties. Because this Court presumes that it does not have jurisdiction over a case until the party asserting that jurisdiction demonstrates otherwise, *Kokkonen*, 511 U.S. at 377, and because Plaintiffs have not made that showing, the Court must dismiss this case for lack of subject-matter jurisdiction.

---

[1] Other courts have analyzed pension funds as unincorporated trusts for diversity purposes. *See, e.g., May Dept. Stores Co. v. Federal Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002); *Lenon v. St. Paul Mercury Insurance Company*, 136 F.3d 1365, 1371 (10th Cir. 1998).

## CONCLUSION

For the foregoing reasons, this case is DISMISSED. A separate Order follows.

Date: April 24, 2015

THEODORE D. CHUANG
United States District Judge